UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY CERRONE,

                Plaintiff,

v.                                **DECISION AND ORDER**
                                          03-CV-848S

UNITED STATES OF AMERICA,

                Defendant.

## I. INTRODUCTION

Plaintiff Anthony Cerrone commenced this action against Defendant United States of America under the Federal Tort Claims Act ("FTCA"). Presently before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and (6), and alternatively, Rule 56 of the Federal Rules of Civil Procedure.[1] Having considered the parties' written submissions and the applicable law, this Court will grant Defendant's motion and dismiss Plaintiff's Complaint.

## II. BACKGROUND

**A. Facts**

On or about May 10, 1999, the Army Corps of Engineers ("the Corps") issued a Solicitation for Bid for the construction of a Consolidated Maintenance Facility at the United States Air Base located in Niagara Falls, New York. (Defendant's Statement, ¶ 1.[2]) On June 30, 1999, the Corps awarded Sicoli and Massara ("Sicoli"), a local contractor, the

---

[1] In support of its motion, Defendant filed a memorandum of law, a Statement Of Material Facts As To Which There Is No Issue To Be Tried, with appendix, and a reply memorandum of law. In opposition, Plaintiff filed a memorandum of law and a Statement Of Material Facts As To Which There Is No Issue To Be Tried, with attached exhibits.

[2] Referring to Defendant's Statement Of Material Facts As To Which There Is No Material Issue To Be Tried, which contains citations to the record evidence.

contract to build the new facility.  (Defendant's Statement, ¶ 3.)  Under the terms of the contract, Sicoli was required to, among other things, procure and maintain proper insurance (Defendant's Statement, Exhibit B, pp. 214, 244[3]), to superintend the worksite (Defendant's Statement, Exhibit B, p. 231), to comply with all applicable laws, regulations and codes (Defendant's Statement, Exhibit B, p. 231), and to be generally responsible for worksite safety and accident prevention (Defendant's Statement, Exhibit B, pp. 229-230).

Plaintiff worked as a laborer for Sicoli on the construction of the new maintenance facility.  (Defendant's Statement, ¶ 4.)  On August 16, 2000, Plaintiff fell and injured himself while pouring concrete.  (Defendant's Statement, ¶ 5.)  At the time, Plaintiff was standing on a grid of steel bars approximately 12 inches apart raking concrete when he slipped.  His feet dropped into the opening between the bars and his upper body fell backwards onto the bars.  (Plaintiff's Statement, Exhibit E, pp. 39-41.[4])  Plaintiff suffered multiple injuries as a result of this accident.

**B.    Procedural History**

Plaintiff filed his Complaint in the United States District Court for the Western District of New York on November 12, 2003, seeking damages in the amount of $20,000,000 on each claim.  Defendant filed an Answer to the Complaint on April 22, 2004, and an Amended Answer on August 18, 2004.  Thereafter, Defendant filed the instant motion on November 16, 2005.  After full briefing, this Court took the motion under advisement on February 10, 2006, without oral argument.

---

[3]Exhibit B to Defendant's Statement is a copy of the Solicitation and Contract.

[4]Referring to Plaintiff's Statement Of Material Facts As To Which There Is No Material Issue To Be Tried.  Exhibit E thereto is a copy of Plaintiff's deposition.

## III. DISCUSSION

Defendant's motion, although brought under various provisions of the federal rules, principally seeks dismissal of Plaintiff's Complaint based on lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In considering a Rule 12(b)(1) motion, the allegations contained in the Complaint are deemed true, and the court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question.[5] See id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). It is the plaintiff's burden to establish proper jurisdiction by a preponderance of evidence. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

### A.   Plaintiff's First Cause of Action

Plaintiff's first cause of action is brought under the FTCA and alleges that Defendant acted negligently by failing to (1) provide Plaintiff a safe place to work, (2) ensure the existence of adequate safety devices, such as planking, and (3) provide adequate supervision. (Complaint, ¶¶ 9-11.) Defendant argues that this Court lacks subject matter jurisdiction over these claims because sovereign immunity shields the United States from liability with respect to negligent acts by its independent contractors and the discretionary

---

[5]This Court's consideration of facts relevant to the jurisdictional issue presented does not necessarily convert Defendant's motion to one for summary judgment. See Fisko v. U.S. Gen. Servs. Admin., 395 F.Supp.2d 57, 60 (S.D.N.Y. 2005) (citing Perezic v. Crespo, No. 94 Civ. 8238, 1996 WL 233687, at *3 (S.D.N.Y. May 7, 1996)).

function exception to the FTCA applies**.**

It is beyond cavil that the principle of sovereign immunity shields the United States from being sued without its consent and that the existence of consent is, consequently, a prerequisite for jurisdiction.  See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004).

In the FTCA, Congress waived sovereign immunity for suits arising from injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[6]  28 U.S.C. § 1346(b)(1).  This waiver must be "strictly construed in favor of the government."  Akutowicz v. United States, 859 F.2d 1122, 1125 (2d Cir. 1988).

The FTCA defines government employees as including officers and employees of "any federal agency," but excludes "any contractor with the United States."  28 U.S.C. § 2671; United States v. Orleans, 425 U.S. 807, 813-14, 96 S.Ct. 1971, 1975-76, 48 L.Ed.2d 390 (1976).  In addition to statutory exceptions to the government's waiver of immunity under the FTCA, "[e]xceptions to government liability . . . include the independent contractor exception and causes of action which allege government negligence based on claims of nondelegable duties or which sound in strict liability."  Flanagan v. United States, 430 F.Supp.2d 106, 112 (W.D.N.Y. 2006) (citing Roditis v. United States, 122 F.3d 108, 111-12 (2d Cir. 1997) (per curiam) and Forshaw v. United States, No. 96-CV-150, 1998

---

[6]In FTCA actions, the court is bound to apply the law of the place where the accident occurred. See Makarova, 201 F.3d at 114 (citing Richards v. United States, 369 U.S. 1, 10-15, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962)).

WL 641357, *3-*4 (N.D.N.Y. Sept. 14, 1998)). "Thus, as a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors." Roditis, 122 F.3d at 111; see also Fisko, 395 F.Supp.2d at 62 ("If the injuries alleged in a complaint were caused by an independent contractor, the FTCA does not waive sovereign immunity for that claim, and it must be dismissed for lack of subject matter jurisdiction.").

In addition, the FTCA bars "claim[s] based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused."[7] 28 U.S.C. § 2680(a). Consequently, "the United States cannot be held liable for the selection and supervision of independent contractors, because the selection and supervision of contractors is a discretionary function." Shivcharan v. United States, No. 04 CV 1296, 2005 WL 408046, at *2 (E.D.N.Y. Feb. 15, 2005) (citations omitted); see also United States v. Varig Airlines, 467 U.S. 797, 819-20, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) ("When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind."); Lituma v. United States, No. 04 Civ. 8955, 2005 WL 1705088, at *2 (S.D.N.Y. July 18, 2005) (finding the plaintiff's negligent supervision claim barred by the discretionary function exception to the FTCA).

The most significant factor in distinguishing an independent contractor from an employee of the government is whether the United States "control[s] the detailed physical

---

[7]Commonly referred to as the discretionary function exception, its purpose is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort." United States v. Gaubert, 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (citation omitted).

5

performance of the contractor." See Logue v. United States, 412 U.S. 521, 527-28, 93 S.Ct. 2215, 2219-20, 37 L.Ed.2d 121 (1973). "The critical factor . . . is whether the government retained the authority to control the detailed physical performance of the work or whether the worker's day-to-day operations in fact were supervised by the federal government." Abrams-Fogliani v. United States, 952 F.Supp. 143, 145 (E.D.N.Y. 1996) (citations omitted). The question of whether an entity is an independent contractor is one of law, not fact. See Leone v. United States, 910 F.2d 46, 49 (2d Cir. 1990) (citing Logue, 412 U.S. at 528).

In the present case, Plaintiff argues that this Court has jurisdiction because Defendant retained sufficient responsibility over the worksite such that it is subject to suit under the FTCA. The contract between Defendant and Sicoli, however, reveals otherwise. Shivcharan, 2005 WL 408046, at *2 (contract should be examined to determine whether it provides for detailed day-to-day supervision by the government, or rather grants the contractor autonomy in the performance of the work); see also Moreno v. United States, 965 F.Supp. 521, 524 (S.D.N.Y. 1997) (court must focus on terms of the contract to determine the nature of the relationship between the United States and the contractor).

As previously noted, the terms of the contract required Sicoli to, among other things, procure and maintain proper insurance (Defendant's Statement, Exhibit B, pp. 214, 244), to directly superintend the worksite at all times (Defendant's Statement, Exhibit B, p. 231), to comply with all applicable laws, regulations and codes (Defendant's Statement, Exhibit B, p. 231), and to be generally responsible for worksite safety and accident prevention (Defendant's Statement, Exhibit B, pp. 229-230). The contract also delegated to Sicoli the obligation to "provide and maintain work environments and procedures which will . . .

6

safeguard the public and Government personnel." (Defendant's Statement, Exhibit B, p. 230.)

In contrast to Sicoli's specific obligations, Defendant reserved general oversight over the project "to ensure strict compliance with the terms of the contract." (Defendant's Statement, Exhibit B, p. 223.) It also reserved the right to inspect for non-compliance and advise Sicoli of the same if discovered. (Defendant's Statement, Exhibit B, p. 230.) Defendant further reserved the option of halting work if Sicoli refused to rectify any non-compliance discovered by Defendant's Contracting Officer. (Defendant's Statement, Exhibit B, p. 230.) These rights retained by Defendant were a check on Sicoli, which in the first instance had the responsibility to "maintain an adequate inspection system and perform such inspections as will ensure that the work performed under the contract conforms to contract requirements." (Defendant's Statement, Exhibit B, p. 223.) Importantly, the presence or absence of a government inspector did not relieve Sicoli of its obligations under the contract. (Defendant's Statement, Exhibit B, p. 223.)

The existence of contract provisions such as those discussed above and others contained in the contract weigh against a finding that Defendant retained day-to-day management of the worksite or controlled Sicoli's physical performance of the work. First, "[t]he fact that the contract required compliance with federal standards and contract specifications does not constitute day-to-day control by the government." Corey v. United States, No. 95-CV-393, 1996 WL 406842, at *2 (N.D.N.Y. July 11, 1996).

Second, it is well settled that the government's reservation of broad supervisory power does not establish the agency relationship necessary for FTCA jurisdiction. See, e.g., Roditis, 122 F.3d at 111 (government's retention of a right to inspect does not convert

a contractor into a federal employee); Leone, 910 F.2d at 50 (no FTCA jurisdiction where government acts as an overseer); Fisko, 395 F.Supp.2d at 63 (finding that entity was a contractor because the government did not control physical performance of duties or retain day-to-day control); Brown v. United States, No. 92-CV-82, 1994 WL 319015, at *14 (W.D.N.Y. June 8, 1994) ("the fact that the United States retained the right to inspect the work under construction to see that the provisions of the contract were carried out and also retained the right to stop work if they were not is not sufficient in itself to make the United States liable for damage resulting from negligence of the contractors in their performance of the contract.").

Third, the government's action in conducting inspections and its reservation of the right to notify Sicoli of suspected violations is insufficient to constitute day-to-day supervision. See Forshaw, 1998 WL 641357, at *3. Finally, the existence of a contractual requirement for the contractor to obtain and maintain insurance, which Sicoli was obligated to do, serves as evidence that Sicoli is an independent contractor. See Fisko, 395 F.Supp.2d at 66.

Moreover, as a factual matter, Sicoli supervised the day-to-day operations of the worksite. William Hoffman was the project superintendent and Doug Williamson was the project quality control manager. (Defendant's Statement, Exhibit D, p. 47.[8]) Both were Sicoli employees. (Defendant's Statement, Exhibit D, p. 47.) Plaintiff testified at his deposition that he had at least daily contact with Hoffman and did not receive instructions regarding the performance of his work from anyone but Hoffman. (Plaintiff's Statement,

---

[8]Exhibit D is an excerpt of Michael Hrywnak's deposition testimony. Hrywnak was the Corps' project engineer.

Exhibit H, pp. 10-11.) In particular, he testified that although the Corps' project engineer, Michael Hrywnak, advised him to comply with safety guidelines on several occasions, Hrywnak never directed him to do a particular job or instructed him on how to perform his job duties. (Plaintiff's Statement, Exhibit H, pp. 13-14.)

On the date of his injury, Plaintiff received instruction from either Hoffman or Russell Trenzo, another Sicoli employee. (Plaintiff's Statement, Exhibit H, pp. 34-35.) Plaintiff did not see Hrywnak on the day of the accident. (Plaintiff's Statement, Exhibit H, p. 36.) All equipment, including safety equipment, that was used at the worksite was provided by Sicoli. None of the equipment was provided by the Corps. (Plaintiff's Statement, Exhibit H, p. 22-23.)

Considering the above, this Court finds no basis in either law or fact to conclude that Sicoli was anything other than an independent contractor.[9] Consequently, because sovereign immunity precludes suits against the United States for injuries caused by its independent contractors, Roditis, 122 F.3d at 111, and because negligent supervision claims are barred by the discretionary function exception to the FTCA,[10] see Schivcharan, 2005 WL 408046, at *2, this Court lacks subject matter jurisdiction over Plaintiff's first

---

[9] Plaintiff relies principally on three cases – Phillips v. United States, 956 F.2d 1071 (11th Cir. 1992), Camozzi v. Roland/Miller & Hope Consulting Group, 866 F.2d 287 (9th Cir. 1989), and Pelham v. United States, 661 F.Supp. 1063 (D.N.J. 1987). In this Court's view, none of these cases is persuasive. First, these cases arise outside of the Second Circuit and are of no precedential value. Second, the cases are factually distinguishable because the government's oversight obligations at issue in this case were not specific, nor mandatory. This Court, and others, have previously recognized this distinction. See Brown, 1994 WL 319015, at *16; Doud v. United States, 797 F.Supp. 138, 145 (N.D.N.Y. 1992); Moody v. United States, 753 F.Supp. 1042, 1054-55 (N.D.N.Y. 1990).

[10] To the extent Plaintiff claims that the Corps was negligent in exercising its retained power to oversee Sicoli's compliance with the contract as it related to its safety provisions, that claim is barred by the discretionary function exception to the FTCA. See Varig Airlines, 467 U.S. at 819-20 ("When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind.").

cause of action and it will therefore be dismissed.

### B.    Plaintiff's Second Cause of Action

Plaintiff's second cause of action alleges that Defendant failed to provide Plaintiff with a safe place to work in violation of New York Labor Law §§ 200, 240 and 241, and unspecified provisions of the Occupational Safety and Health Act ("OSHA").  (Complaint, ¶¶ 12-15.)  Defendant argues that it has not waived its sovereign immunity for alleged violations of state laws that impose strict liability on property owners.  It further argues that by its terms, OSHA does not apply to the federal government.

Section 200 of the New York Labor Law codifies the common-law duty of owners to furnish a safe work place.  New York Labor Law §§ 200, et seq. (McKinney 2002); see Kaczmarek v. Bethlehem Steel Corps., 884 F.Supp. 768, 774 (W.D.N.Y. 1995) (citing Lombardi v. Stout, 80 N.Y.2d 290, 590 N.Y.S.2d 55 (1992)).  A property owner is liable under § 200 "for incidents which occur in areas over which the owner maintains control." Kaczmarek, 884 F.Supp. at 774 (citing Bidetto v. New York City Housing Auth., 25 N.Y.2d 848, 303 N.Y.S.2d 695 (1969)).

As discussed above, Defendant was not in control of the worksite and did not contribute to and is not responsible for the circumstances leading to Plaintiff's injury.  All equipment, including safety equipment, that was used at the worksite was provided by Sicoli, and only Sicoli's employees supervised Plaintiff.  None of the equipment was provided by the Corps.  (Plaintiff's Statement, Exhibit H, p. 22-23.)  Consequently, Defendant is not liable under § 200.  See Forshaw, 1998 WL 641357, at *4 ("There is no liability under § 200 when the injury arises out of a defect in the subcontractor's own plant,

tools and methods, or through negligent acts of the subcontractor occurring as a detail of the work." (quotation and citation omitted)); Persichilli v. Triborough Bridge & Tunnel Auth., 16 N.Y.2d 136, 262 N.Y.S.2d 476, 480 (1965).

Section 240 of the New York Labor Law imposes a non-delegable duty on property owners to provide specified safety devices.  New York Labor Law § 240 (McKinney 2002); Haimes v. New York Tel. Co., 46 N.Y.2d 132, 412 N.Y.S.2d 863 (1978).  Section 241 of the New York Labor Law also imposes a non-delegable duty on property owners to comply with various safety measures in connection with construction, excavation and demolition work.  New York Labor Law § 241 (McKinney 2002); Forshaw, 1998 WL 641357, at *4.

It is well settled that the United States may not be held liable for violations of §§ 240 and 241 because these sections impose absolute liability, and the FTCA's limited waiver of sovereign immunity does not extend to claims based on liability without fault.  See Laird v. Nelms, 406 U.S. 797, 802-03, 92 S.Ct. 1899, 1902, 32 L.Ed.2d 499 (1972); Forshaw, 1998 WL 641357, at *5.  In addition, these sections impose non-delegable duties upon property owners, which directly conflicts with the federal government's authority under the Federal Acquisition Regulations, 48 C.F.R. Part I, et. seq., to delegate responsibilities to general contractors.  See Doud, 797 F.Supp. at 143; McCutcheon v. United States, No. 94-CV-596, 1996 WL 607083, at *5 (W.D.N.Y. Oct. 15, 1996) (imposing non-delegable duty on the federal government would exceed the waiver of its sovereign immunity as contained in the FTCA).  "Since §§ 240 and 241 . . . create non-delegable duties which would allow the imposition of liability on a non-negligent defendant, they cannot be applied against the United States."  Moody, 753 F.Supp. at 1048 n.9.  Accordingly, Plaintiff's §§ 240 and 241 claims will be dismissed.  See Roditis, 122 F.3d at 111 ("any state law nondelegable duty

cannot, on its own, override the United States' sovereign immunity from suits for injuries caused by its independent contractors").

Finally, Plaintiff's second cause of action includes an unspecified violation of OSHA. Further clarification of Plaintiff's claim is unnecessary, however, because OSHA does not apply to the federal government. OSHA imposes certain minimum workplace standards on employers. See 29 U.S.C. §§ 651, et. seq. However, the statutory definition of "employer" specifically *excludes* the United States. See 29 U.S.C. § 652(5) (the term employer "does not include the United States"). Consequently, OSHA does not provide a basis for liability against the United States. Corey, 1996 WL 406842, at *6.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion will be granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 26) is GRANTED.

FURTHER, that the Clerk of the Court shall take the steps necessary to close this case.

SO ORDERED.

Dated: September 22, 2006
      Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge